**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW MARIZZA,

    Plaintiff

v.

AMAREL, et al.,

    Defendants

Case No.: 3:24-cv-00601-CSD

**Order**

Re: ECF No. 24

Plaintiff is an inmate in the custody of the Nevada Department of Corrections proceeding pro se and in forma pauperis in this action.

Before the court is Plaintiff's motion for leave to file a first amended complaint ("FAC"). (ECF No. 24.) Defendant Arlana Zimmerman (A.A. Hodge) has filed a response. (ECF No. 28.) Plaintiff has filed a reply. (ECF No. 29.)

For the reasons set forth below, the motion is granted. The court further screens the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

**I. BACKGROUND**

On December 30, 2024, Plaintiff filed his complaint in this action against three defendants: A.A. Hodge, Amarel, and Fluer. The complaint alleged that Plaintiff's partial dentures were seized by Amarel during a cell search and later discarded. Plaintiff spoke to Fluer in the property department, and Fluer told Plaintiff to file a grievance. Plaintiff's grievance was improperly handled. As a result of his lost dentures, Plaintiff could not eat solid foods without pain, but his request for a soft-food diet was denied. (ECF No. 6.)

On June 26, 2026, the court screened the complaint, allowing it to proceed on a single Eighth Amendment inadequate food claim against Hodge, later identified as Arlana Zimmerman. (ECF No. 5.) Plaintiff's other claims, asserting First Amendment retaliation, access to the courts, and Fourteenth Amendment property deprivation were dismissed without prejudice, with leave to amend within thirty (30) days of the court's order.

Plaintiff did not timely file any amended complaint.

Now, Plaintiff seeks leave to file a first amended complaint that abandons the sole claim on which he has been allowed to proceed and instead asserts a related Eighth Amendment claim against three new defendants: Dr. Voss, Brian Williams, and Megan Sullivan. Defendant opposes the motion to extent it seeks to add a new claim and defendants.

## II. MOTION TO AMEND

**A. Standard**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, the motion was filed more than 21 days after Defendant answered, so Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

**B. Analysis**

Plaintiff's proposed FAC seeks to add claims against Dr. Voss, Megan Sullivan, and Brian Williams. (ECF No. 24-1 at 2-3.)

The FAC alleges that when Plaintiff's dentures were seized and discarded – on January 20, 2024 -- the dental department had been closed for months and remained closed until February 25, 2024. (*Id.* at 6.)

On January 28, 2024, Plaintiff sent Dr. Voss a letter via interdepartmental mail stating that he needed help because his partial teeth had been thrown away and the dental department was closed. He told Dr. Voss that his "teeth are now killing" him and that he needed some type of a special diet. (*Id.* at 3-4, 12.) Dr. Voss did not take any action to assist Plaintiff.

On February 18, 2024, Plaintiff submitted a kite to dental asking for a partial denture. The response to the kite indicated that Plaintiff was on the dental list and pain medications were available in the canteen. (ECF No. 24-1 at 14.)

Plaintiff then submitted an informal grievance on March 6, 2024, complaining about the loss of his partial denture and advising that his teeth were shifting and that he was in pain and discomfort while chewing.

On April 15, 2025, Williams responded at the second level and advised Plaintiff that he would be seen by dental. (*Id.* at 4-5, 20 ("[Y]ou have indicated in your grievances that your chewing is painful. I have spoken with the NNCC Medical staff this morning, and you will be scheduled an appointment with the dentist in order to evaluate those claims and address any dental issues you may have.").) To date, Plaintiff asserts, he has never been seen by dental. The FAC alleges Williams has the authority to make sure Plaintiff would be seen, but he never followed through to make sure he was. (*Id.* at 5.)

Finally, Plaintiff asserts that in June 2025, he wrote a letter to Sullivan, the Director of Nursing, via interdepartmental mail, "notify[ing] Defendant Sullivan of the second level grievance response" but Sullivan "failed to intervene or assure Plaintiff received medical or dental care." (*Id.* at 5; *see also* ECF No. 27 (Errata to First Amended Complaint)). The attached letter to Sullivan states that Plaintiff was having "serious pain" and a "hard time eating," and asked Sullivan to follow through with scheduling a dental visit, as Williams promised would be done. (ECF No. 24-1 at 24.)

Defendant opposes Plaintiff's motion to amend the complaint, arguing that all factors weigh against granting leave to amend.

Plaintiff's claims against Williams and Sullivan arose after the filing of the complaint in and around April and June 2025. This litigation was stayed at that time and remained stayed until December 10, 2025, after the completion of early mediation. Plaintiff sought leave to amend just three months after the stay was lifted, and one month after Defendant filed an answer. As to Williams and Sullivan, under these circumstances, the court finds no evidence of undue delay, bad faith, or prejudice.

As to Voss, however, there is evidence of undue delay. Plaintiff's claim against Voss arises from a letter he sent to Voss on January 28, 2024 – nearly a year before this action was initiated. Plaintiff clearly could have brought his claim against Voss when he filed his original complaint, and he failed to do so. As to Voss, then, Plaintiff has unduly delayed seeking leave to amend.

Nevertheless, the court cannot conclude that the other factors weigh so heavily against leave to amend that leave should be denied. There is no indication of bad faith or prejudice to any of the proposed defendants, nor is amendment futile.

The claim Plaintiff seeks to bring is sufficiently related to his original claim in this action that it does not belong in an entirely new action. Accordingly, in view of the policy of liberally granting leave to amend, Plaintiff's motion for leave to amend will be granted.[1] The court will now proceed to screening of the FAC.

### III. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

---

[1] The court notes that while the FAC could be read to assert claims against Amarel and Fluer, Plaintiff does not identify either as a defendant, nor does argue he is attempting to amend his complaint to re-assert the previously dismissed claims against them. However, to the extent the motion for leave to amend could be construed as seeking to re-assert claims against Amarel and Fluer, the motion is denied as amendment as to these defendants has been unduly delayed and would be highly prejudicial.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Analysis**

Plaintiff asserts a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment related to the pain and difficulty eating caused by the loss of his dentures. He asserts the defendants failed to provide him dental treatment or accommodate his inability to eat, causing him prolonged pain and nutritional difficulty. (ECF No. 24-1 at 5-6.)

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted) (finding that inmate

whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted). "'[A] prisoner need not prove that he was completely denied medical care' in order to prevail" on a claim of deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (quoting *Lopez*, 203 F.3d at 1132), *overruled on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *Stewart v. Aranas,* 32 F.4th 1192, 1195(9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)); *McGuckin*, 974 F.2d at 1060.

Plaintiff asserts that he sent letters to Voss and Sullivan stating that without his dentures, he was having difficulty and pain when eating and needed a special, or soft-food, diet. Defendant

8

argues there is no evidence that either Voss or Sullivan received these letters, and even if they did, letters are not the appropriate way to request help in the prison. However, whether either defendant received Plaintiff's letter is not a question for this stage of the proceedings. *See Jett v. Penner*, 439 F.3d 1091, 1093 (9th Cir. 2006). Nor would the procedural irregularity of the letters vitiate the knowledge Voss and Sullivan obtained from them. *See id.*

The court finds that Plaintiff has sufficiently alleged that Voss and Sullivan were made aware of the pain and difficulty Plaintiff was having while eating and of his request for a special or soft-food diet, and that neither followed through in any way to assist him. For the reasons set forth in the screening order (ECF No. 5 at 6-7), this is sufficient to state a claim against Voss and Sullivan for deliberate indifference to a serious medical need.

As to Williams, however, Plaintiff's allegations – and the attached grievance response – demonstrate that when Plaintiff advised Williams of his condition, Williams reached out to dental and requested that Plaintiff be scheduled for an appointment. Contrary to deliberate indifference, the complaint demonstrates that Williams responded to Plaintiff's serious medical need by taking steps to ensure that he received appropriate medical care.

There is nothing in the complaint to suggest that Williams knew of, and disregarded, an excessive risk to Plaintiff's safety – such as by ignoring further letters or requests from Plaintiff complaining that he had still not been seen by dental months after Williams promised he would be. Accordingly, the court concludes the FAC fails to state a colorable claim of deliberate indifference against Williams. Williams should therefore be dismissed, but Plaintiff will be given leave to amend.

/ / /

/ / /

9

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's motion (ECF No. 24) is **GRANTED**.

(2) The Clerk shall **FILE** the FAC (ECF No. 24-1).

(3) Defendant Williams is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) Defendant Arlana Zimmerman, who is not named in the FAC and who Plaintiff concedes is not liable to him in this action, is **DISMISSED WITH PREJUDICE**.

(5) The complaint will proceed on an Eighth Amendment deliberate indifference to serious medical need claim against Voss and Sullivan.

(6) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(7) Plaintiff has **21 DAYS** from the date of this Order to file a second amended complaint curing the deficiencies noted above as to Defendant Williams. The second amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff is permitted to amend his complaint only as to Defendant Williams and may not re-assert claims previously dismissed in this action. Plaintiff shall check the box for the second amended complaint on the court's form civil rights complaint and list this case number in the caption. If Plaintiff fails to file an amended complaint within 21 days, defendant Williams will be dismissed with prejudice, and this case will proceed against defendants Voss and Sullivan only.

10

**IT IS SO ORDERED**.

Dated: June 16, 2026

_____
Craig S. Denney
United States Magistrate Judge

11